UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HIGUERA,<br><br>                         Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>                        Defendant. | Case No. 24-cv-744-MMA-KSC<br><br>**ORDER DISMISSING CASE FOR IMPROPER VENUE AND FAILURE TO COMPLY WITH COURT ORDER** |

      On April 24, 2024, Plaintiff Jose Higuera initiated this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* against The Lincoln National Life Insurance Company, seeking review of the denial of his application for disability benefits. Doc. No. 1. On April 25, 2024, the Court ordered Plaintiff to show cause in writing no later than May 3, 2024, why this case should not be dismissed or transferred for improper venue. Doc. No. 3 ("OSC"). To date, Plaintiff has not responded to the Court's OSC. Instead, on May 6, 2024, the parties filed a joint motion seeking an extension of time for Defendant to respond to the complaint. Doc. No. 4. According to the joint motion, Defendant's response is currently due May 17, 2024. *Id.* at 1. The parties seek a one-month extension. *Id.* at 2.

      The general venue statute provides in relevant part that a civil action may be brought in either "a judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2). Plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). And the Court may raise the issue of improper venue *sua sponte* where a responsive pleading has not yet been filed and the time for doing so has not run, provided it first gives the parties an opportunity to be heard. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Relevant to the issue of venue, Plaintiff pleads:

> 1. At all times relevant herein, Plaintiff, JOSE HIGUERA, was an individual residing in Tulare, California.
>
> 2. Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY is a corporation licensed to do business in the State of California, with a principal place of business in the state of Indiana, located at: 1300 South Clinton Street, Fort Wayne, IN 46802.
>
> . . .
>
> 5. Venue is proper pursuant to 28 U.S.C. 1391, in that a substantial portion of the claim arouse [sic] out of the Eastern District of California.

Doc. No. 1.

As the Court explained in its OSC, venue is not proper in the Southern District because a substantial portion of the events giving rise to Plaintiff's claim arose in the Eastern District. Additionally, Tulare, California is located within the geographic limits of the Eastern District of California, not the Southern District. 28 U.S.C. § 84(b), (d). And Plaintiff does not plead that The Lincoln National Life Insurance Company's presence within this District is such that it can be deemed a resident here. 28 U.S.C. § 1391(c)(2). Plaintiff therefore fails to set forth facts suggesting that venue is proper in the Southern District of California and has failed to respond to the OSC, which gave

Plaintiff notice of this deficiency and the opportunity to respond. Consequently, on this record, the Court finds that venue in the Southern District is improper. In light of the fact that this case is still in its infancy, and because Plaintiff failed to respond to the OSC, the Court finds that the interests of justice do not warrant transfer and that dismissal is instead appropriate. *See* 28 U.S.C. § 1406(a); *see also* CivLR 83.1.a.

The Court therefore **DISMISSES** this action in its entirety for improper venue and for failure to comply with the Court's OSC without prejudice to Plaintiff refiling in the appropriate district court based upon a showing of proper venue. The Court **DIRECTS** the Clerk of Court to terminate all pending motions and deadlines and close this case.

**IT IS SO ORDERED**.

Dated: May 7, 2024

HON. MICHAEL M. ANELLO
United States District Judge